UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| YOLANDA MASEI FRAGALES, MANDIOLA ALPHA, LLLP, MANDIOLA ALPHA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCTOS DE CEMENTO, INC; MANUEL JACINTO CAMPO ARCE, MARÍA TERESA SAN MARTÍN MURGUERZA, and their CONJUGAL PARTNERSHIP; AVELINO CABRERA RIVERA, MARÍA CRUZ ENRIQUEZ, and their CONJUGAL PARTNERSHIP,<br><br>Defendants. | Civil No. 06-1617 (JAF) |

**CONSENT JUDGMENT**

The court having granted the parties' joint Stipulation for Entry of Judgment, Docket Document No. 54, judgment is now entered incorporating all terms and conditions of said stipulation as if set forth at length herein, and more specifically as follows:

WHEREAS, on March 13, 1997, a Stock Purchase Agreement (the "Agreement") was signed by and between sellers Angel Mandiola Areitio and Mrs. Yolanda Masei Fragales, on behalf of themselves, as well as their heirs and successors in interest (hereinafter "Sellers"), and buyers Mr. Manuel Jacinto Campo Arce, Mrs. María Teresa San Martín Murguerza, Mr. Avelino Cabrera Rivera and Mrs. María Cruz Enriquez (collectively "Buyers"), for the sale of certain shares of Productos de Cemento, Inc.

Civil No. 06-1617 (JAF)                                                          -2-

WHEREAS, pursuant to Section Two (2) of the Agreement, Buyers agreed to pay Sellers the total amount of five million five hundred thousand dollars ($5,500,000.00), at an interest rate of 8.75%, in two hundred forty (240) monthly installments of forty-eight thousand six hundred and four dollars with nine cents ($48,604.09) each, commencing on April 1, 1997. Said payment obligation is secured by multiple collateral, including, but not limited to, mortgages on the real and personal property of the Company and other real property belonging to the Buyers (collectively, the "Collateral"), which is set forth below.

WHEREAS, Defendant Productos de Cemento executed a Mortgage and Promissory Note to guarantee the payment of $2,000,000.00, at an interest rate of 8.75%, in favor of Sellers over the real property located in Barrio Río, Guaynabo, Puerto Rico, where Productos de Cemento is located.

WHEREAS, Defendant Productos de Cemento also executed a Chattel Mortgage and Promissory Note to guarantee the payment of $3,333,700.00, at an interest rate of 8.75%, in favor of Sellers over the equipment pertaining to the Company.

WHEREAS, Defendants Manuel Jacinto Campo Arce and María Teresa San Martín Murguerza executed a Mortgage and Promissory Note to guarantee the payment of $83,150.00, at an interest rate of 8.75%, in favor of Sellers over the real property described below:

> ----URBANA: Solar marcado con el número Treinta y Dos (32) en el plano de inscripción de la Urbanización Paradise Hills del Barrio Monacillos de Río Piedras, término Municipal de San Juan, con una cabida de TRESCIENTOS CUARENTA

Civil No. 06-1617 (JAF)                                                              -3-

    Y CINCO METROS CUADRADOS CON CUATRO CENTIMOS DE METRO CUADRADO; en lindes por el NORTE, en veintitrés metros con Solar Número Treinta y Tres; por el SUR, en veintidós metros noventa y ocho centímetros con Solar Número Treinta y Uno; por el ESTE, en quince metros con Solares Cuarenta y Ocho y Cuarenta y Nueve y por el OESTE, en quince metros con la Calle Número Uno.

    ----Casa Residencial de dos plantas de acero, bloques de hormigón y losas de techo y piso de hormigón posttensado.

    ----Inscrita al folio cincuenta y cinco, tomo sesenta y tres de Bonacillos este y el Cinco, finca numero DOS MIL SESENTA Y CINCO de la Sección Quinta del Registro de la Propiedad de San Juan.

WHEREAS, Defendants Avelino Cabrera Rivera and María Cruz Enriquez executed a Mortgage and Promissory Note to guarantee the payment of $83,150.00, at an interest rate of 8.75%, in favor of Sellers over the real property described below:

    ----URBANA: Solar número ciento sesenta y tres (163), de la Urbanización Ciudad Jardín II (La Providencia) localizada en el Barrio Piña del Municipio de Toa Alta, con una cabida superficial de QUINIENTOS DOS PUNTO CINCUENTA METROS CUADRADOS (502.50 M.C.) en lindes por el NORTE, en una distancia de veinte punto diez metros (20.10 m.) con los lotes números ciento sesenta (160) y ciento sesenta y uno (161); por el SUR, en una distancia de veinte punto diez metros (20.10 m.) con la Calle Número Dos (2); por el ESTE, en una distancia de veinticinco metros (25.00 m.) con el lote número ciento sesenta y cuatro (164); y por el Oeste, en una distancia de veinticinco metros (25.00 m.) con el lote número ciento sesenta y dos (162).

    ----El inmueble antes descrito contiene una casa de concreto diseñada para una sola familia, construida de acuerdo con planos y especificaciones sometidas y aprobados por las agencias e instrumentalidades gubernamentales pertinentes.

Civil No. 06-1617 (JAF)                                                              -4-

> ----Inscrita al Folio doscientos seis (206) del tomo trescientos treinta y siete (337) de Toa Alta, finca número DIECISEIS MIL SETECIENTOS CUARENTA Y CUATRO (16,744), inscripción primera, de la Sección Tercera del Registro de la Propiedad de Bayamón, Puerto Rico.

WHEREAS, Buyers also executed two pledge agreements in favor of Sellers over each and every promissory note mentioned above, as well as over the stocks of the Company.

WHEREAS, on September 11, 2003, Angel Mandiola Areitio died in the State of Florida, and his wife, Plaintiff Yolanda Masei-Fragales, became his heir. The Probate Division, Circuit Court of Dade County, State of Florida acknowledged and declared the validity and enforceability of Mr. Mandiola's will.

WHEREAS, on December 13, 2004, an "Assignment Agreement" was executed by and between Plaintiff Yolanda Masei-Fragales and Plaintiff Mandiola Alpha, LLLP, whereby Ms. Masei-Fragales assigned and transferred to Mandiola Alpha, LLLP, all of her right, title and interest in and to Productos de Cemento's Stock Certificates No. 21 and 22, the Note and the Collateral.

WHEREAS, on September 13, 2006 (Docket No. 43), Plaintiffs filed an Amended Complaint in this action, seeking to collect from Defendants the total amounts due under the Agreement, which as of the date of the original Complaint in the case, consisted of not less than $4,374,700.98 in principal, $584,362.71 in interest and $231,436.06 in penalties, as well as other reimbursable costs, and to foreclose on the Collateral.

Civil No. 06-1617 (JAF)                                                          -5-

WHEREAS, on September 19, 2006, Defendants filed an Answer to Amended Complaint and Amended Counterclaim (Docket No. 46), disputing Plaintiffs' claims and seeking an award of damages in the amount of $2,359,830.00 (for their alleged losses, mental anguish and emotional pain) against Plaintiffs.

WHEREAS, Plaintiffs and Defendants have agreed to settle all claims and counterclaims asserted in this action, and to release each other from any liability arising from the same, pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, final judgment is entered ORDERING, ADJUDICATING, and DECREEING as follows:

1. Defendants are directed to pay Plaintiff Mandiola Alpha, LLLP the sum of $5,000,000.00 ("Judgment Debt") on or before February 28, 2007.

2. Plaintiffs will cooperate with Defendants in connection with the consummation of this Stipulation, including providing all reasonably required information and documents, as well as being reasonably available when needed for the execution of all necessary public deeds or other legal documents.

3. The Judgment Debt consists of the payment of $4,349,990.29 in principal and $650,009.71 in interest owed by Defendants to Plaintiffs under the Agreement.

4. Any income tax withholding from the payment of the Judgment Debt shall be in accordance with the Closing Agreement dated December 29, 2005, between the Secretary of the

Civil No. 06-1617 (JAF) -6-

        Treasury of the Commonwealth of Puerto Rico and the Estate of Angel M. Mandiola and Mandiola Alpha, LLLP, as well as the Addendum to Closing Agreement entered into by the same parties on June 26, 2006.

5. The Judgment Debt shall continue to be secured until its full payment by the Collateral provided by Defendants under the Agreement.

6. Upon full payment of the Judgment Debt, the parties shall execute all necessary legal documents to cancel the Agreement and to release each other from any further obligations in connection with the same.

7. Should Defendants fail to pay the full amount of the Judgment Debt less any applicable income tax withholding on or before February 28, 2007 (unless this is due to Plaintiffs' failure to cooperate as provided in Paragraph 2 above), Plaintiffs shall be entitled to:

    a. collect the total sum of $5,250,000.00, consisting of the Judgment Debt, plus a penalty in the amount of $250,000.00, and said sum shall accrue interest at the rate of 10% per year from the date of default until payment in full; and

    b. seek from the court any necessary orders and writs to foreclose on the Collateral, forthwith.

8. Plaintiffs and Defendants shall bear their respective legal costs in connection with the present litigation, except that:

Civil No. 06-1617 (JAF)                                                        -7-

        a.   Defendants shall assume the fees and costs involved in the issuance of any necessary public deeds in connection with the present stipulation, provided that Defendants shall have the right to use the services of a notary public of their choosing when issuing the same.

        b.   Defendants shall be liable to Plaintiffs for all fees, costs and expenses that may be incurred by Plaintiffs in the event that Defendants default their payment obligations in this Stipulation and Plaintiffs have to foreclose hereon.

All claims and counterclaims asserted in this action are dismissed with prejudice and, upon its entry, this judgment shall be final and not subject to any appeals or reconsideration.

San Juan, Puerto Rico, this 18th day of December, 2006.

                                         S/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          U. S. District Judge